FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 1 3 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

SOUTHERN NEW ENGLAND
SCHOOL OF LAW, et al.,

          Defendants.

CIVIL ACTION FILE NO.

1:05-MI-0251

---

AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

WENDYS INTERNATIONAL, INC.

          Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0252

---

AMANDA U. AJULUCHUKU,

          Plaintiff,

    v.

MARRIOTT INTERNATIONAL
INC.,

          Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0253

AMANDA U. AJULUCHUKU,

         Plaintiff,

    v.

GAITHERSBURG GAZETTE, et al.,

         Defendants.

CIVIL ACTION FILE NO.

1:05-MI-254

AMANDA U. AJULUCHUKU,

         Plaintiff,

    v.

NRI STAFFING RESOURCES,

         Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0255

AMANDA U. AJULUCHUKU,

         Plaintiff,

    v.

RANDSTAD NORTH AMERICA,

         Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0256

AMANDA U. AJULUCHUKU,

         Plaintiff,

    v.

WASHINGTON MUTUAL INC.,

         Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0257

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ONE EMPLOYMENT SVC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0258

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

METRO TRANSIT,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0259

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

VOLT INFORMATION SCIENCES,
INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0260

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

HUEY AND ASSOCIATES,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0261

AO 72A
(Rev.8/82)

3

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

KELLY SERVICES, INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0262

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

T-MOBILE USA INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0263

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ALASKA AIRLINES INC.,
(Seattle)

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0264

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SIERRA HEALTH SERVICE, et al.,

        Defendants.

CIVIL ACTION FILE NO.

1:05-MI-0265

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

UNIVERSITY OF
MASSACHUSETTS,
DARTMOUTH,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0266

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SUPERSHUTTLE,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0267

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BOEING,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0268

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

AJILON FINANCE OF ADECCO
USA,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0269

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

MCI, INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0270

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

SEATTLE PUBLIC LIBRARY
(SPL),

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0271

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

WASHINGTON STATE PATROL,
et al.,

        Defendants.

CIVIL ACTION FILE NO.

1:05-MI-0272

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

UNIVERSITY OF WASHINGTON,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0273

AO 72A
(Rev.8/82)

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BALTIMORE COUNTY
DEPARTMENT OF SOCIAL
SERVICES,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0274

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

BALTIMORE COUNTY POLICE,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0275

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

PACE STAFFING NETWORK,
INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0276

---

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ADECOO USA,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0277

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

SMART TALENT,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0278

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

VERIZON COMMUNICATIONS, INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0279

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

ACCOUNTEMPS OF ROBERT HALF, (Washington)

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0280

AMANDA U. AJULUCHUKU,

        Plaintiff,

   v.

SEATTLE MENTAL HEALTH,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0281

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

ALLYSON GARDEN
APARTMENTS,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0282

AMANDA U. AJULUCHUKU,

        Plaintiff,

    v.

EARTH LINK INC.,

        Defendant.

CIVIL ACTION FILE NO.

1:05-MI-0302

## ORDER AND WRITTEN OPINION

On September 2, 2005, Plaintiff Amanda Ajuluchuku filed with the Clerk of Court thirty-two (32) civil complaints, without payment of statutory filing fees, seeking to proceed *in forma pauperis*. On September 30, 2005, Plaintiff filed with the Clerk of Court an additional civil complaint, without payment of statutory filing fees, seeking to proceed *in forma pauperis*. The court further notes that on February 2, 2005, Plaintiff filed another civil complaint, without payment of statutory filing fees,

AO 72A
(Rev.8/82)

and was granted *in forma pauperis* status.[1]   [Adjuluchuku v. National Distributing Company, 1:05-cv-446 (N.D. Ga., District Judge Carnes)].

In addition to the thirty-four (34) cases pending in this court, as of October 11, 2005, a survey of the dockets of the federal district courts indicates that since August 2003 Plaintiff has filed over one-hundred civil complaints, in various district courts, apparently all seeking to proceed and/or being allowed to proceed *in forma pauperis*. Of those cases, less than fifteen (15) remain pending, many being closed within thirty (30) to forty-five (45) days of the date the complaint was filed, indicating to the court that most of the claims in the previously filed lawsuits were determined to be frivolous or to fail to state a claim and, therefore, were summarily dismissed.   [Exhibit A].   It is also clear from a review of the survey of Plaintiff's *in forma pauperis* filings that she has repeatedly filed lawsuits against the same defendants or representatives of the same defendants, including having filed lawsuits previously against twenty-one (21) of the Defendants named in the thirty-four (34) lawsuits currently pending in this

---

[1]That case (seeking recovery for disability discrimination pursuant to the Americans with Disabilities Act ("ADA")) is pending before the District Court on a motion to dismiss for failure to state a claim upon which relief can be granted. Defendant asserts that Plaintiff, who does not dispute this fact, failed to administratively exhaust her claims as required by statute; accordingly, she cannot state a claim.   [Docs. 1 and 14].   The court further notes that the District Court recently entered an order prohibiting Plaintiff from contact with Defendant, Defendant's employees and Defendant's counsel, due to Plaintiff's inappropriate conduct during the course of the case.   [1:05-cv-446, Doc. 28].

AO 72A
(Rev.8/82)

district.[2] Because of the prior claims having been dismissed against many defendants named in the above-styled cases, Plaintiff may be barred from re-litigating claims in this, or any other, court. See Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235 (11th Cir. 1999); NAACP v. Hunt, 891 F.2d 1555 (11th Cir. 1990).

A summary examination of the thirty-two (32) complaints filed on September 2, 2005, indicates that none of the events or circumstances set forth in support of the claims brought by Plaintiff have any connection to the Northern District of Georgia or, in fact, to any place within several hundred miles of this District. As to the majority of the named defendants, there is no basis apparent on the face of the complaints for this court to exert personal jurisdiction over Defendants. See Consolidated Development Corp. v. Sherritt, Inc., 216 F.3d 1286 (11th Cir. 2000). The complaints also fail to adequately identify the causes of action upon which Plaintiff is relying or to adequately set forth facts that support a finding that Plaintiff can state

---

[2]For example, Plaintiff attempted to sue Defendant National Distributing Company in the District of Columbia District Court, that case having been dismissed in April 2005. (Plaintiff apparently threatened to file her claims in another district should the case pending in this district against National Distributing Company be dismissed. See 1:05-cv-446, Doc. 22). Plaintiff has also attempted to sue Defendants Accountemps/Robert Half in ten (10) other *in forma pauperis* lawsuits, filed in five (5) district courts. Only two (2) of those lawsuits appear to remain pending (in addition to the complaint filed in this court on September 2, 2005). Plaintiff also filed multiple civil complaints in multiple districts, again proceeding *in forma pauperis*, against Defendants Baltimore County Department of Social Services and Baltimore County Police Department, all of which have been closed.

AO 72A
(Rev.8/82)

a cause of action for each separately identified cause of action.  This conclusion applies especially to those causes of action requiring administrative exhaustion before the Equal Employment Opportunity Commission ("EEOC").[3]  See Zipes v. Trans World Airlines, 455 U.S. 385 (1982); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002); Ross v. Buckeye Cellulose Corp., 980 F.2d 648 (11th Cir. 1993). All of this information is necessary for this court to make a frivolity determination should Plaintiff be granted *in forma pauperis* status.  See Neitzke v. Williams, 490 U.S. 319, 326-28 (1989).

As regards Plaintiff's affidavits seeking to proceed *in forma pauperis*, the court has several concerns.  The information provided is not as detailed as required by the form affidavit utilized by this court.  Second, much of the information provided on the form used by Plaintiff is illegible.  Third, the information appears to be incomplete. For example, Plaintiff indicates that she has not received any funds from sources other than her employment; however, in a response filed within the last few weeks in the

---

[3]Plaintiff seems to be seeking relief for employment discrimination claims in approximately half of the civil complaints filed in this district.  Plaintiff has not attached an EEOC charge to any of the complaints.  Although she has included Right to Sue Letters with some of the complaints she filed, examination of several of those notices indicates that Plaintiff has not filed all of her lawsuits (see 1:05-mi-268; 1:05-mi-277; 1:05-mi-279; 1:05-mi-280) in the statutorily required time frame; therefore, these claims are barred.  See Zillyette v. Capital One Financial Corp., 179 F.3d 1337 (11th Cir. 1999); Norris v. Florida Dept. of Health and Rehabilitative Services, 730 F.2d 682 (11th Cir. 1984).

case pending against National Distributing Company, Plaintiff states that she has settled cases, indicating that she received compensation, with Bank of America, Washington Mutual, Wells Fargo and Radio Shack.[4]  [1:05-cv-446, Doc. 27].  The amounts of and details of those settlements are material to Plaintiff's request to proceed *in forma pauperis*.  And, Plaintiff indicates in her affidavit that her son, Justus Jason, is a dependent and is attending college.  However, one of the allegations made by Plaintiff in several of the currently pending lawsuits is that, due to misconduct of others, she has not seen, much less spoken to, her son in the last couple of years, indicating that identifying him as an dependent is questionable.  [See 1:05-mi-274; 1:05-mi-275].

Given Plaintiff's litigation history and the problems identified with the *in forma pauperis* affidavits and with the civil complaints filed on September 2 and 30, 2005, the court finds that Plaintiff's litigation in this district and elsewhere is abusive and vexatious and that measures must be imposed to protect the court and potential defendants from frivolous, repetitious lawsuits and from the unnecessary expenditure of resources.  In reaching this conclusion, the court is cognizant of an individual's right of access to the courts.  However, "[e]very lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is

[4]The court notes that, from an examination of the survey, cases against three (3) of the four (4) Defendants identified by Plaintiff were closed during this calendar year.

AO 72A
(Rev.8/82)

reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge." <u>Procup v. Strickland</u>, 792 F.2d 1069, 1072 (11th Cir. 1986) (en banc).  When a litigant abuses the right to seek redress, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." <u>Id.</u> at 1073.

In devising a means of curbing an abusive litigant, "[t]he only restriction this Circuit has placed . . . is that a litigant cannot be 'completely foreclosed from *any* access to the court.'" <u>Martin-Trigona v. Shaw</u>, 986 F.2d 1384, 1387 (11th Cir. 1993) (citation omitted).   The <u>Martin-Trigona</u> court "also stressed that, '[c]onsiderable discretion necessarily is reposed in the district court' when it drafts such orders." <u>Id.</u> Included within a district court's discretion is the ability to order "pre-filing screening restrictions on litigious plaintiffs." <u>Id.</u>; <u>see also</u> <u>Tripati v. Beaman</u>, 878 F.2d 351, 352 (10th Cir. 1989) ("'[E]ven onerous conditions' may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved."). Restrictions may also include denying *in forma pauperis* status, <u>see</u> <u>In Re McDonald</u>, 489 U.S. 180 (1989); <u>Green v. Carlson</u>, 649 F.2d 285 (5th Cir. 1981); <u>Peck v. Hoff</u>, 66 F.2d 37 (8th Cir. 1981), or requiring the posting of a bond prior to filing the lawsuits, <u>see</u> <u>In re May</u>, 2000 WL 1276943 (S.D. Fla. August 31, 2000); <u>Washington v. Alaimo</u>, 934 F. Supp. 1395 (S.D. Ga. 1986).    After

AO 72A
(Rev.8/82)

consideration of the circumstances surrounding Plaintiff's filings in this district, as well as district courts across the country, the court finds that the conditions specified below must be satisfied by Plaintiff before allowing her to proceed with her lawsuits in this District.

Accordingly, it is **ORDERED** that the Clerk of Court return to Plaintiff each of the affidavits filed by Plaintiff in the above-styled cases and provide to her for each case the *in forma pauperis* form utilized by this court for completion by Plaintiff. Plaintiff is **DIRECTED** to include on the *in forma pauperis* affidavits details, specifically dates and amounts, of all settlements entered by Plaintiff within the last twenty-four (24) months resulting in compensation to Plaintiff based on lawsuits filed in federal or state courts or received in lieu of filing a lawsuit in federal or state court. Plaintiff is cautioned that execution of each affidavit is made under penalty of perjury and that she should carefully consider the responses set forth on each form. Plaintiff is **ORDERED** to complete and return to the Clerk of Court the completed and executed *in forma pauperis* affidavit for each case within **twenty-five (25) days** of entry of this order.

It is further **ORDERED** that, within **twenty-five (25) days** of entry of this order, Plaintiff file with the Clerk of Court (captioned: "Application Pursuant to Court Order Seeking Leave to File") a supplement for each of the above-styled civil

AO 72A
(Rev.8/82)

complaints by providing the following information and/or materials, to the extent pertinent to each separate case[5]:

(a)    A copy of all complaints filed by Plaintiff (on her behalf or on behalf of a family member) during the last thirty-six (36) months, in federal or state court, against the defendant(s) named in the above-styled cases and a copy of all court orders entered for each case resulting from the filing of the complaint.

(b)    A copy of any injunction or restraining order entered against Plaintiff by any federal or state court restricting, limiting or prohibiting Plaintiff's filing of lawsuits or complaints.

(c)    In each of the above-styled cases seeking recovery for any type of employment discrimination, to the extent administrative remedies were exhausted, a copy of each charge/complaint filed with the EEOC and a copy of each Right to Sue Letter received from the EEOC. If Plaintiff did not administratively exhaust a claim, a statement:  "Did not seek administrative exhaustion."

(d)    For each of the above-styled cases, a concise statement establishing this court's personal jurisdiction, if any, over the named Defendant(s).

(e)    For each of the above-styled cases, a concise and brief statement for each cause of action asserted of facts stating a claim upon which relief can be granted.  Each cause of action must be specifically identified by Constitutional right allegedly violated or by federal or state statutory provision allegedly violated.[6]

---

[5]In complying with this order, Plaintiff is to prepare a supplemental filing for each of the thirty-three (33) cases which contains only that information and/or materials pertinent to each case.

[6]Plaintiff should note that for each type of discrimination asserted (i.e., disability, race, gender, color, etc.), for each type of civil rights violation asserted (i.e., 42 U.S.C. §§ 2000, et seq., 1981-1985) and for each type of tort or other state law cause of action asserted, a separate cause of action is alleged for which the concise

(f)     For each case, an affirmation signed by Plaintiff stating that the filing complies with all requirements of Federal Rule of Civil Procedure 11.

Plaintiff is advised that failure to comply with this order within the deadline imposed will result in denial of her application to proceed *in forma pauperis* for that case and in that case being administratively closed, **unless**, prior to the deadline for submission set forth herein, Plaintiff pays the full statutory filing fee.

Pursuant to this **ORDER**, and pending further order of this court, the Clerk of Court is **DIRECTED TO ACCEPT NO NEW FILINGS** by Amanda Ajuluchuku, or any filing in which Amanda Ajuluchuku appears as a plaintiff, **UNLESS** accompanied by full payment of the statutory filing fee.  The Clerk of Court is further **DIRECTED** to resubmit each of the above-styled cases to the undersigned for further consideration **thirty (30) days** from entry of this order.

**SO ORDERED** this 13th day of October, 2005.


JANET F. KING
UNITED STATES MAGISTRATE JUDGE

_____
and brief statement of facts in support is required.

AO 72A
(Rev.8/82)